JUDGE CASTEL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KENNY LEBRON and MARTINA HANISCH, individually and on behalf of all others similarly situated,

13 CV 1411

Civil Action No.

Plaintiffs,

vs.

APPLE-METRO, INC.; 42ND APPLE LLC; 117TH APPLE, LLC; AIRMONT APPLE, LLC; ASTORIA APPLE, LLC; AT APPLE, LLC; BAY PLAZA APPLE, LLC; BAY TERRACE APPLE, LLC; BED-STUY APPLE, LLC; BROADWAY APPLE, LLC; BTM APPLE, LLC; CORTLANDT APPLE, LLC; CROSS COUNTRY APPLE, LLC; CROSSROADS APPLE, LLC; EB APPLE, LLC; EXPRESSWAY APPLE, LLC; FLATBUSH APPLE, LLC; FORDHAM APPLE, LLC; FRESH MEADOWS APPLE, LLC; HARLEM APPLE, LLC; HAWTHORNE APPLE, LLC; JAMAICA APPLE, LLC; KISCO APPLE, LLC; MAMARONECK APPLE, LLC; NEW DORP APPLE, L.L.C.; NEW ROCHELLE APPLE, LLC; OUTERBRIDGE APPLE, LLC; PORT CHESTER APPLE, LLC; QUEENS CENTER APPLE, LLC; REGO PARK APPLE, LLC; RIVERDALE APPLE, LLC; S.I. MALL APPLE, LLC; SHEEPSHEAD APPLE, LCC; SVC APPLE, LLC; TRIANGLE APPLE, LLC; AND WHITE PLAINS APPLE, LLC,

Defendants.

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMAND**



Plaintiffs Kenny Lebron and Martina Hanisch, individually and on behalf of all others similarly situated, by their attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action, hereby allege as follows:

## PRELIMINARY STATEMENT

1.    This is a case about Apple-Metro, Inc. ("Apple-Metro"), a company that has the exclusive franchise rights for Applebee's Neighborhood Bar & Grill, Inc. ("Applebee's") in New York City, Rockland and Westchester Counties and earned more than $137 million in 2011, that

underreported the hours worked by its servers – and thus failed to compensate them for all hours worked – in the 35 Applebee's restaurants that it owned and operated during the time period covered by this Complaint.  Apple-Metro is the parent company for the following entities, each of which jointly owns and operates Applebee's restaurants in the New York City metropolitan area: 117th Apple, LLC; 42nd Apple, LLC; Airmont Apple, LLC; Astoria Apple, LLC; AT Apple, LLC; Bay Plaza Apple, LLC; Bay Terrace Apple, LLC; Bed-Stuy Apple, LLC; Broadway Apple, LLC; BTM Apple, LLC; Cortlandt Apple, LLC; Cross Country Apple, LLC; Crossroads Apple, LLC; EB Apple, LLC; Expressway Apple, LLC; Flatbush Apple, LLC; Fordham Apple, LLC; Fresh Meadows Apple, LLC; Harlem Apple, LLC; Hawthorne Apple, LLC; Jamaica Apple, LLC; Kisco Apple, LLC; Mamaroneck Apple, LLC; New Dorp Apple, LLC.; New Rochelle Apple, LLC; Outerbridge Apple, LLC; Port Chester Apple, LLC; Queens Center Apple, LLC; Rego Park Apple, LLC; Riverdale Apple, LLC; S.I. Mall Apple, L.L.C.; Sheepshead Apple, LLC; SVC Apple, LLC; Triangle Apple, LLC; and White Plains Apple, LLC (collectively referred to herein as the "Restaurants" and together with Apple-Metro as "Defendants").

2.      Plaintiffs Kenny Lebron and Martina Hanisch (collectively "Plaintiffs") bring this action on their own behalf and behalf of all servers that worked at any of Apple-Metro's locations during the six years prior to the filing of this Complaint.  As a result of Defendants' policy, pattern and/or practice which has the effect of underreporting the hours worked by Plaintiffs and the proposed class members, Plaintiffs and the proposed class members were denied payment of wages for all hours worked and overtime premium compensation for all hours worked in excess of forty (40) in a given workweek.  Plaintiffs are similarly-situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 216(b) because they were all subject to the same policy of underreporting the hours that they actually worked for at the restaurants owned and operated by Apple-Metro.

3.      The FLSA Class is made of all persons who are or have been employed by Apple-Metro and/or any of its subsidiaries as "tipped" wait staff (*i.e.*, waiters, waitresses, bartenders, bussers, runners and other hourly service workers) paid on an hourly basis who worked at any of Apple-Metro's Applebee's restaurants in New York State within three years prior to this action's filing date through the date of the final disposition of this action (the "FLSA Class Period") and who were subject to Defendants' unlawful practice of (i) failing to compensate its "tipped" wait staff employees for all hours worked, (ii) failing to pay minimum wage, and (iii) failing to pay overtime premiums for all hours worked in excess of 40 hours per workweek.

4.      The New York Class is made of all persons who are or have been employed by Defendants as "tipped" wait staff (*i.e.*, waiters, waitresses, bartenders, bussers, runners and other hourly service workers) paid on an hourly basis who worked at any of Apple-Metro's Applebee's restaurants in New York State within six years prior to this action's filing date through the date of the final disposition of this action (the "New York Class Period") and who were subject to Defendants' unlawful practice of (i) failing to compensate its "tipped" wait staff employees for all hours worked, (ii) failing to pay minimum wage, (iii) failing to pay overtime premiums for all hours worked in excess of 40 hours per workweek, and/or (iv) failing to pay spread of hours pay.

5.      During the FLSA and New York Class Periods, Defendants set the FLSA and New York Class members' hours, compensation, and job duties through common policies applicable to all "tipped" wait staff and controlled all aspects of their day-to-day employment, required them to work from Defendants' locations and supervised their work, making them "employees" and Defendants their "employer" within the meaning of all applicable statutes.

6.      During the FLSA and New York Class Periods, Defendants unlawfully failed to pay all "tipped" wait staff: (i) compensation for all hours worked, (ii) overtime premiums for all hours worked in excess of 40 hours per workweek, and/or (iii) spread of hours pay (for purposes of the New York Class only).   Plaintiffs seek relief on behalf of the New York Class pursuant to the applicable provisions of the New York Labor Law ("NYLL"), and on behalf of the FLSA Class pursuant to the Fair Labor Standards Act, to remedy the Defendants' failure to pay all wages due and in addition to injunctive relief.

## PARTIES

7.      Individual and representative Plaintiff Kenny Lebron is a resident of Bronx, New York.  Mr. Lebron was employed by Defendant Apple-Metro as a server at its Applebee's restaurant located at 234 W. 42nd Street, New York, NY 10035 from August 2011 to April 2012. At all relevant times herein, Mr. Lebron met the definition of an "employee" under all relevant statutes.  As evidenced by Exhibit A, Mr. Lebron has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

8.      Individual and representative Plaintiff Martina Hanisch is a resident of Bronx, New York.  Ms. Hanisch was employed by Defendant Apple-Metro as a server at its Applebee's restaurant located at 2276 Bartow Avenue, Bronx, NY 10475 from March 2012 to December 2012. At all relevant times herein, Ms. Hanisch met the definition of an "employee" under all relevant statutes.  As evidenced by Exhibit B, Ms. Hanisch has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

9.      Defendant Apple-Metro Inc. is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 550 Mamaroneck

Avenue, Harrison, NY 10528.  At all relevant times Apple-Metro was a covered employer within the meaning of the FLSA and NYLL.

10.     Defendant 117th Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant 117th Apple LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 509 E. 117th Street, New York, NY 10035.  At all relevant times, Defendant 117th Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

11.     Defendant 42nd Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant 42nd Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 234 W. 42nd Street, New York, NY 10036.  At all relevant times, Defendant 42nd Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

12.     Defendant Airmont Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Airmont Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 221 Route 59, Airmont, NY 10901.  At all relevant times, Defendant Airmont Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

13.     Defendant Astoria Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Astoria Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 38-01 35th Avenue, Queens, NY 11101.  At all relevant times, Defendant Astoria Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

14.     Defendant AT Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant AT Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 139 Flatbush Avenue, Brooklyn, NY 11217. At all relevant times, Defendant AT Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

15.     Defendant Bay Plaza Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Bay Plaza Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 2276 Bartow Avenue, Bronx, NY 10475. At all relevant times, Defendant Bay Plaza Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

16.     Defendant Bay Terrace Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Bay Terrace Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 213-29 26th Avenue, Queens, NY 11360. At all relevant times, Defendant Bay Terrace Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

17.     Defendant Bed-Stuy Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Bed-Stuy Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 1360 Fulton Street, Brooklyn, NY 11216. At all relevant times, Defendant Bed-Stuy Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

18.     Defendant Broadway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Broadway Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 205 West

50th Street, New York, NY 10019. At all relevant times, Defendant Broadway Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

19.    Defendant BTM Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant BTM Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 610 Exterior Street, Bronx, NY 10451. At all relevant times, Defendant BTM Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

20.    Defendant Cortlandt Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Cortlandt Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 3127 East Main Street, Mohegan Lake, NY 10547. At all relevant times, Defendant Cortlandt Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

21.    Defendant Cross County Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Cross County Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 1 Mall Walk West, Yonkers, NY 10704. At all relevant times, Defendant Cross County Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

22.    Defendant Crossroads Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Crossroads Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 395 Tarrytown Road, White Plains, NY 10607. At all relevant times, Defendant Crossroads Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

23.    Defendant EB Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant EB Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 2 Executive Boulevard, Yonkers, NY 10701. At all relevant times, Defendant EB Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

24.    Defendant Expressway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Expressway Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 1451 Richmond Avenue, Staten Island, NY 10314. At all relevant times, Defendant Expressway Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

25.    Defendant Flatbush Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Flatbush Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 395 Flatbush Avenue Ext., Brooklyn, NY 11201. At all relevant times, Defendant Flatbush Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

26.    Defendant Fordham Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Fordham Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 4750-4758 Third Avenue, Bronx, NY 10458. At all relevant times, Defendant Fordham Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

27.    Defendant Fresh Meadows Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Fresh Meadows Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 61-

48 188th Street, Queens, NY 11365. At all relevant times, Defendant Fresh Meadows Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

28.     Defendant Harlem Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Harlem Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at One West 125th Street, New York, NY 10027. At all relevant times, Defendant Harlem Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

29.     Defendant Hawthorne Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Hawthorne Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 18 Saw Mill River Road, Hawthorne, NY 10532. At all relevant times, Defendant Hawthorne Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

30.     Defendant Jamaica Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Jamaica Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 161-19 Jamaica Avenue, Jamaica, NY 11433. At all relevant times, Defendant Jamaica Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

31.     Defendant Kisco Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Kisco Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 185 North Bedford Road, Mt. Kisco, NY 10549. At all relevant times, Defendant Kisco Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

32.    Defendant Mamaroneck Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Mamaroneck Apple , LLC is a wholly-owned subsidiary of Apple-Metro and operated an Applebee's restaurant located at 640 East Boston Road, Mamaroneck, NY 10543. At all relevant times, Defendant Mamaroneck Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

33.    Defendant New Dorp Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York. Defendant New Dorp Apple, L.L.C. is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 430 New Dorp Lane, Staten Island, NY 10306. At all relevant times, Defendant New Dorp Apple, L.L.C. was a covered employer within the meaning of the FLSA and NYLL.

34.    Defendant New Rochelle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant New Rochelle Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 25 LeCount Place, New Rochelle, NY 10801. At all relevant times, Defendant New Rochelle Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

35.    Defendant Outerbridge Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Outerbridge Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 2720 Veterans Road West, Staten Island, NY 10309. At all relevant times, Defendant Outerbridge Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

36.    Defendant Port Chester Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Port Chester Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 42

Westchester Avenue, Port Chester, NY 10573.  At all relevant times, Defendant Port Chester Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

37.     Defendant Queens Center Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Queens Center Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 90-15 Queens Boulevard, Queens, NY 11373.  At all relevant times, Defendant Queens Center Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

38.     Defendant Rego Park Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Rego Park Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 95-25 Queens Boulevard, Queens, NY 11374.  At all relevant times, Defendant Rego Park Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

39.     Defendant Riverdale Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Riverdale Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 76 West 225th Street, Bronx, NY 10463.  At all relevant times, Defendant Riverdale Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

40.     Defendant S.I. Mall Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant S.I. Mall Apple, L.L.C. is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 2655 Richmond Avenue, Staten Island, NY 10314.  At all relevant times, Defendant S.I. Mall Apple, L.L.C. was a covered employer within the meaning of the FLSA and NYLL.

41.     Defendant Sheepshead Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Sheepshead Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 2505 Emmons Avenue, Brooklyn, NY 11235. At all relevant times, Defendant Sheepshead Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

42.     Defendant SVC Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant AVC Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 40-24 College Point Boulevard, Flushing, NY 11354. At all relevant times, Defendant SVC Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

43.     Defendant Triangle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Triangle Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 2201 Nostrand Avenue, Brooklyn, NY 11210. At all relevant times, Defendant Triangle Apple LLC was a covered employer within the meaning of the FLSA and NYLL.

44.     Defendant White Plains Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant White Plains Apple, LLC is a wholly-owned subsidiary of Apple-Metro and operates an Applebee's restaurant located at 27 Mamaroneck Avenue, White Plains, NY 10601. At all relevant times, Defendant White Plains Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

45.     Defendants are an enterprise engaged in commerce or in the production of goods for commerce. Defendants are an enterprise because they perform their related activities for a common business purpose. Defendants are engaged in commerce or in the production of goods

for commerce, because, *inter alia*, each individual Restaurant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Restaurant's annual gross volume of business is at least $500,000.00.

46.    Defendants, either directly or indirectly, have hired and/or fired Plaintiffs and other members of the proposed classes, controlled Plaintiffs and the members of the proposed classes' work schedules and conditions of employment, determined the rate and method of payment, and kept at least some records regarding their employment.

47.    At all relevant times, Defendants have operated as a single, integrated enterprise, or single employer, or as joint employers.  Upon information and belief, Defendants also share common ownership, common premises, common directors and/or officers, and common financial control, are operationally interrelated and interdependent upon one another, and share common management and control over labor relations and personnel policies and practices, including the hiring and firing of Plaintiffs and other employees.

## JURISDICTION AND VENUE

48.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the FLSA, 29 U.S.C. §§ 207 *et seq.*  This Court has supplemental jurisdiction over the Plaintiffs' related claims arising under New York law pursuant to 28 U.S.C. § 1367.

49.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial portion of the wage violations that give rise to Plaintiffs' claims occurred in this district.

50.    Contemporaneous with the filing of this lawsuit, Plaintiffs will forward a copy of this complaint to the Attorney General of the State of New York in accordance with New York Labor Law § 215(2).

## FACTUAL ALLEGATIONS

### Defendants Are A Single Enterprise Engaged In Commerce

51.     Defendants comprise a single enterprise engaged in commerce in that they have employees engaged in commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and their annual sales exceed $500,000.

52.     Defendants are engaged in related activities (through both a unified operation and the common control of Defendant Apple-Metro) for a common business purpose, namely the operation of Applebee's restaurants within New York, Bronx, Kings, Queens, Richmond, Westchester and Rockland Counties in the State of New York.

53.     Defendants are engaged in related activities, i.e. all activities which are necessary to the operation and maintenance of Applebee's Restaurants within the New York metropolitan area.

54.     Defendants constitute a unified operation as they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

55.     The Restaurants are under the common control of Defendant Apple-Metro as Defendant Apple-Metro directs, governs and/or administers the performance of Defendants' operation and maintenance of Applebee's Restaurants within the New York metropolitan area.

56.     Defendant Apple-Metro's website states the following:

    a.  "Apple-Metro, Inc. is the New York Metropolitan Area franchisee for Applebee's. . . .  Our portfolio currently includes 33 Applebee's in the five boroughs, Westchester and Rockland Counties."

    b.  "Apple-Metro, Inc. was formed in 1993 when owners Zane Trankel and Roy Raeburn joined forces."

c.  "Apple-Metro has exclusive franchise rights to Manhattan, The Bronx, Brooklyn, Queens and Staten Island as well as all of Westchester and Rockland Counties."

57.     Defendant Apple-Metro's website (i) posts open job positions for the Restaurants and (ii) offers customers the ability to schedule corporate, group or family events and educational programs at any of the Restaurants.

**Plaintiff Kenny Lebron**

58.     Kenny Lebron was employed by Defendants at the Applebee's location at 234 West 42nd Street, New York, NY 10036 as a server.

59.     Mr. Lebron was employed by Defendants from August 2011 to approximately April 2012.

60.     As a server, Mr. Lebron was paid at a rate of $5.00 per hour for each hour worked in addition to tips or gratuities that he received from Defendants' customers (less the amount that he was required to contribute to a pool for other employees).

61.     Throughout the course of his employment with Defendants, Defendants failed to compensate Mr. Lebron for all hours that he worked.  Specifically, Defendants consistently underreported the hours that Mr. Lebron had worked on his paystubs.

62.     Mr. Lebron was required to punch in at the start of each shift and punch out at the end of each shift, yet Mr. Lebron's paystubs regularly failed to reflect – and thus he was not paid for – all the hours that he had actually worked.

63.     By underreporting the hours that Mr. Lebron had worked, Defendants also denied him overtime compensation for many weeks where he worked in excess of forty hours.

64.     To the best of Mr. Lebron's recollection, he worked an average of five to ten unpaid hours per week throughout his employment with Defendants.

65.    Mr. Lebron often worked a shift where the spread of hours exceeded 10 hours, yet Defendants failed to pay him an additional hour of pay at the minimum wage rate.

**Plaintiff Martina Hanisch**

66.    Plaintiff Hanisch was employed by Defendants at the Applebee's location at 2276 Bartow Avenue, Bronx, NY 10475 as a server.

67.    Plaintiff Hanisch was employed by Defendants from March 2012 to December 2012.

68.    As a server, Ms. Hanisch was paid at a rate of $5.00 per hour for each worked in addition to tips or gratuities that she received from Defendants' customers (less the amount that she was required to contribute to a pool for other employees).

69.    Throughout the course of Ms. Hanisch's employment with Defendants, Defendants failed to compensate Ms. Hanisch for all hours that she worked. Specifically, Defendants consistently underreported the hours that Ms. Hanisch had worked on her paystubs.

70.    Ms. Hanisch was required to punch in at the start of each shift and punch out at the end of each shift, yet Ms. Hanisch's paystubs regularly failed to reflect – and thus she was not paid for – all the hours that she had actually worked.

71.    By underreporting the hours that Ms. Hanisch had worked, Defendants also denied her overtime compensation for many weeks where she worked in excess of forty hours.

72.    To the best of Ms. Hanisch's recollection, she worked an average of five unpaid hours per week throughout her employment with Defendants.

73.    Ms. Hanisch often worked a shift where the spread of hours exceeded 10 hours, yet Defendants failed to pay her an additional hour of pay at the minimum wage rate.

## COLLECTIVE ACTION ALLEGATIONS

74.    Plaintiffs bring this action on behalf of themselves and other employees similarly-situated as authorized under 29 U.S.C. § 216(b). The employees similarly-situated are:

**FLSA Class:**     All "tipped" wait staff employees (waiters, waitresses, bartenders, bussers, runners and other hourly service workers) paid on an hourly basis who worked at any of the Restaurants within the three years prior to this action's filing date through the date of the final disposition of this action.

75.    Defendants employed Plaintiffs during the FLSA Class Period.

76.    During the FLSA Class Period, Defendants employed more than 500 employees who fall within the FLSA Class.

77.    By way of example only, Defendants controlled how much the FLSA Class members are paid, maintained all time records for the FLSA Class members, assigned and supervised all of the tasks given to the FLSA Class members, and maintained and exercised control as to how the FLSA Class members are to perform their tasks.

78.    As a result, each of the class members are "employees" entitled to be compensated for all hours worked and entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

79.    During the FLSA Class Period, Defendants failed to compensate Plaintiffs for all hours worked and/or failed to pay Plaintiffs' overtime compensation for all hours worked in excess of 40 in a given workweek.

80.    Defendants' failure to pay Plaintiffs and the FLSA Class for all hours worked was the result of a common policy, pattern or practice by Defendants to underreport the hours worked by Plaintiffs and the FLSA Class.

81.     During the FLSA Class Period, Defendants paid Plaintiffs and the FLSA Class less than the statutory minimum wage.

82.     Defendants claimed a "tip credit" for the difference between the statutory minimum wage and what they paid Plaintiffs and the FLSA Class.

83.     In addition to the foregoing, Defendants otherwise failed to properly compensate Plaintiffs and the FLSA Class in accordance with the provisions of the FLSA and the U.S. Department of Labor regulations.

84.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Class.

85.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Class, and as such, notice should be sent to the FLSA Class. There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

86.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**New York Class:**     All "tipped" wait staff employees (waiters, waitresses, bartenders, bussers, runners and other hourly service workers) paid on an hourly basis who worked at any of the Restaurants within the six years prior to this action's filing date through the date of the final disposition of this action.

87.     At all times during the New York Class Period, Defendants, as a matter of policy, did not pay Plaintiffs or the New York Class members minimum wage or overtime premium pay

18

for all hours worked in excess of 40 hours per workweek and made illegal deductions from the class members' tips/gratuities.

88. The facts as alleged in Paragraphs 72-85 with respect to the putative class and the FLSA Class period are similarly true for the New York Class and the New York Class Period.

89. Defendants' practices of failing to compensate Plaintiffs and the members of the New York class for all hours worked and/or failing to pay overtime compensation for any hours worked in excess of 40 in a given workweek were and are in violation of the NYLL.

90. Defendants failed to make, keep and/or preserve accurate records with respect to Plaintiffs and the New York Class and failed to furnish to Plaintiffs and the New York Class an appropriate statement of wages, in violation of the NYLL and supporting New York State Department of Labor regulations.

91. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. During the relevant time period, Defendants employed over 500 persons who satisfy the definition of the proposed New York Class.

92. Typicality: Plaintiffs' claims are typical of the members of the Proposed New York Class. During the New York Class Period Defendants' "tipped" wait staff that were paid on an hourly basis were subject to the common policies among all of Defendants' Restaurants during the New York Class Period. All Plaintiffs were subject to Defendants' policy and practice of unlawfully depriving class members of wages for all hours worked and/or overtime premium compensation for all hours worked in excess of 40 hours per workweek. Plaintiffs had the same or similar duties and responsibilities as other New York Class members.

93. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

94. Adequacy:   Plaintiffs will fairly and adequately protect the interests of the proposed New York Class, and have retained counsel experienced in complex FLSA and New York class and collective action litigation.

95. Commonality: Common questions of law and fact exist to all members of the proposed New York Class and predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

    a. whether Defendants violated the NYLL as alleged herein;

    b. whether Defendants unlawfully failed to compensate members of the New York Class for all hours worked in violation of the NYLL;

    c. whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

    d. whether Defendants' violation of the NYLL was part of a common policy followed by all Defendants;

    e. whether Defendants employed Plaintiffs and the New York Class within the meaning of New York law;

    f. whether Defendants should be enjoined from continuing the practices that violate the NYLL;

    g. what the proper measure of damages sustained by the New York Class are; and

    h. whether Defendants' actions were "willful."

96. The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be

dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

97.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

98.     Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendants.

## PLAINTIFF LEBRON'S INDIVIDUAL RETALIATION ALLEGATIONS

99.     During the course of his employment with Defendants, Plaintiff Lebron questioned and/or complained to his managers and supervisors about Defendants' failure to compensate him for all hours worked.

100.     In retaliation for engaging in activity protected by the NYLL and FLSA, Defendants retaliated against Plaintiff Lebron by, among other things, changing or canceling his scheduled work times with little or no notice and failing to schedule Plaintiff Lebron to work any shifts, effectively terminating his employment with Defendants.

## FIRST CAUSE OF ACTION
### (Violation of the FLSA: Unpaid Wages)

101.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

102.    As outlined above, Defendants' practices violated the provisions of the FLSA regarding payment of wages to employees for all hours worked.

103.    Accordingly, Plaintiffs and the members of the FLSA Class are entitled to compensation for each hour worked and overtime compensation for each hour worked in excess of forty (40) in a given workweek.

104.    Despite the hours worked by Plaintiffs and the FLSA Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay them proper compensation for all hours worked.

105.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

106.    Plaintiffs, on behalf of themselves and the FLSA Class, seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Violation of the NYLL: Wages)

107.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

108.    As outlined above, Defendants' practices violated the provisions of the NYLL regarding payment of wages to employees for all hours worked.

109.    Accordingly, Plaintiffs and the members of the New York Class are entitled to the compensation for each hour worked and overtime compensation for each hour worked in excess of forty (40) in a given workweek.

110.    By Defendants' failure to pay Plaintiffs and the New York Class members premium overtime wages for all hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL and the supporting New York State Department of Labor Regulations.

111.    Due to Defendants' violations of the NYLL, Plaintiffs and the New York Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### (Violation of NYLL: Spread of Hours)

112.    Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

113.    Consistent with their policy and pattern or practice, Defendants failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

114.    By Defendants failure to pay Plaintiffs spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

### FOURTH CAUSE OF ACTION
### (FLSA Retaliation – on Behalf of Plaintiff Lebron)

115.    Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

116.   Defendants have violated the FLSA by subjecting Plaintiff Lebron to unlawful retaliation for his protected complaints of and opposition to Defendants' above-outlined improper payroll practices.

117.   As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff Lebron has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

118.   As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff Lebron has suffered mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

119.   Defendants' unlawful retaliatory conduct was willful and not in good faith and without reasonable grounds for believing that its conduct was in violation of the FLSA, entitling Plaintiff Lebron to an award of liquidated damages.

## FIFTH CAUSE OF ACTION
### (New York Labor Law Retaliation – on Behalf of Plaintiff Lebron)

120.   Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs as if fully set forth herein.

121.   Defendants have violated the NYLL by subjecting Plaintiff Lebron to unlawful retaliation for his protected complaints of and opposition to Defendants' above-outlined improper payroll practices.

122.   As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff Lebron has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

123.   As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff Lebron has suffered mental anguish and emotional distress for which he is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the classes, pray for relief as follows:

A.   That Defendants are found to have violated the Federal Fair Labor Standards Act as to Plaintiffs and the FLSA Class;

B.   That Defendants are found to have violated the provisions of the New York Labor Law as to Plaintiffs and the New York Class;

C.   That Defendants' violations as described above are found to be willful;

D.   That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

E.   That at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as "tipped" wait staff.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

F.   That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

G.      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

H.      An award to Plaintiffs and the FLSA and New York Classes for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

I.      Pre-judgment interest;

J.      An award of reasonable attorney's fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

K.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury as to all issues so triable.

Dated:  March 1, 2013

THE OTTINGER FIRM, P.C.

By: _____
         Robert W. Ottinger

20 West 55th Street, 6th Floor
New York, New York 10019
Telephone: (212) 571-2000
robert@ottingerlaw.com

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*